IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN A. COLOMBU,

    Plaintiff,

v.

CARL PAWLIK, DOES 1–10,

    Defendants.

Civ. No. 6:15-cv-02156-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Defendant Carl Pawlik, an Oregon citizen, requested a $34,000.00 loan from his sister, Plaintiff Susan Colombu, a California citizen, on May 3, 2006, to pay off debt related to his then principal residence, located in Madison, Wisconsin. Pursuant to a written agreement between the parties and as a premise to the loan, Pawlik promised to repay Colombu if he were to sell the residence. Colombu learned in July 2013 that the residence went into foreclosure. The residence was then sold at a foreclosure sale in 2015 and Pawlik subsequently wrote Colombu a letter of default. Colombu now brings fifteen separate claims against Pawlik for recovery of the loan balance of $34,000.00, general damages in the amount of $5,000.00, and punitive damages arising from three fraud claims in the amount of $50,000.00. This court has diversity jurisdiction over this matter.

    Pawlik moves to dismiss Colombu's claims for intentional misrepresentation, negligent misrepresentation, concealment, and conversion pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6).[1] Pawlik then moves to dismiss Colombu's complaint in its entirety under Rule 12(b)(1) for lack

---

[1] I note that Colombu concedes Pawlik's motion to dismiss the Fourteenth Claim for conversion. Def.'s Response, 3, ECF No. 10. Accordingly, I do not address that aspect of the motion in this opinion.

OPINION AND ORDER – 1

of subject matter jurisdiction, based on its failure to reach the amount in controversy requirement without the additional punitive damages prayer of Colombu's fraud claims. Because Colombu brought her fraud claims after the statute of limitations period had run, those claims are dismissed. Because the amount in controversy without the punitive damages sought by Colombu's fraud claims does not satisfy the statutory requirement, Pawlik's Motion to Dismiss, ECF No. 8, is GRANTED and the Complaint is dismissed in its entirety.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the supporting factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. In the case of *pro se* litigants, a court reviews the pleadings with a less stringent standard than those drafted by lawyers; the court views the complaint liberally but will not supplant vague and conclusory allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014).

## DISCUSSION

I. **Motion to Dismiss Fraud Claims Under Rule 12(b)(6)**

As noted, Pawlik argues that Colombu's Claims 11–14, for intentional misrepresentation, negligent misrepresentation, and concealment are barred by their respective statutes of limitations.

a. **Colombu's Claim Eleven**

In Claim Eleven Colombu brings a claim of intentional misrepresentation arising from representations made in securing the personal loan.

OPINION AND ORDER – 2

Under Oregon law, a claim based on fraud must be commenced within two years subject to the discovery rule. ORS 12.110(1). A fraud claim "accrues when the plaintiff has discovered facts or, in the exercise of reasonable diligence, should have discovered facts that would alert a reasonable person to the existence of the three elements of an actionable injury." *Murphy v. Allstate Ins. Co.*, 251 Or. App. 316, 321, 284 P.3d 524 (2012). A *prima facie* fraud claim is made when a plaintiff proves: "the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance." *Id.* at 324.

Colombu brought her Complaint on November 17, 2015. ECF No. 1. She bases her fraud claims on several alleged misrepresentations: (1) in May 2006, when securing the loan, Pawlik attested to ownership of the Wisconsin property as his principal residence when he did not yet own it; (2) Pawlik promised that he would use proceeds from any potential sale of the property to repay the loan; and (3) Pawlik allowed the property to go into foreclosure without providing Colombu notice of the foreclosure. Complaint at ¶¶ 93–100, ECF No. 1.

Colombu states in the Complaint that she "did not discover Defendant's fraudulent actions until after July 16, 2013, when Plaintiff first learned that Defendant had allowed the [residence] to go into foreclosure." Complaint at ¶ 101, ECF No. 1; *see also id.* at ¶ 47 ("Plaintiff did not learn of Defendant's material breach of the Agreement (voluntary foreclosure of the Wisconsin Property) until *on* or after July 16, 2013." (emphasis added)). The Statute of Limitations period following that discovery ran as of July 2015.

In her response to Pawlik's motion, Colombu attempts an about-face and argues that, while she clearly pleads that she discovered the fraudulent conduct giving rise to her Complaint

in July 2013, the *actual* foreclosure sale of the Wisconsin residence in December 2014 should trigger the discovery period. Colombu's argument, while a colorful interpretation of Oregon's discovery rule, collapses under the pleadings. The discovery rule "delays the running of the limitation period only until the plaintiff knows or should know that some harm has been incurred and that a claim exists." The Oregon Supreme Court has elaborated on this:

> We emphasize that this is an objective test. In most cases, the inquiry will concern what a plaintiff should have known in the exercise of reasonable care. In such cases, the relevant inquiry is how a reasonable person of ordinary prudence would have acted in the same or similar situation. *See Woolston v. Wells*, 297 Or. 548, 557, 687 P.2d 144 (1984) (reasonable care means what a reasonable person of ordinary prudence would do in the same or similar circumstances). Relevant to this analysis will be a plaintiff's failure to make a further inquiry if a reasonable person would have done so. *The discovery rule does not protect those who sleep on their rights, but only those who, in exercising the diligence expected of a reasonable person, are unaware that they have suffered legally cognizable harm.*

*Gaston v. Parsons*, 318 Or. 247, 256, 864 P.2d 1319 (1994) (emphases added). With respect to the distinction between those sleeping on their rights and those unaware of legal harm, this case falls into the former category. July 16, 2013, is the applicable date on which Colombu's claims accrued. That is the date Colombu alleges she discovered the fraudulent nature of Pawlik's alleged representations to induce her into entering the loan agreement. That is also the date Colombu learned that foreclosure proceedings had commenced on the property, endangering her security interest in the loan. I find that the Oregon Court of Appeals' reasoning in *Widing v. Schwabe, Williamson & Wyatt* applies here:

> The fact that plaintiffs chose to await the estate's *default on* the loan before bringing their action does not mean that they did not have a claim that accrued on their discovery of the breach of the representation that they allege [defendant] made. The making of the loan itself was a legally cognizable harm, at least in the absence of the security protections that Welch allegedly represented would be in place.

154 Or. App. 276, 285, 961 P.2d 889 (1998) (emphasis in original). Similarly, Colombu's choice to delay this action beyond the relevant statutory period does not mean that she did not yet have a claim. Rather, Columbu's claim accrued when she learned of Pawlik's various misrepresentations and learned that any security interest she had in the Wisconsin residence was threatened, as the property was subject to foreclosure. "The making of the loan itself was a cognizable legal harm," at least in the absence of the various protections Pawlik represented would be in place. *See id.*

Accordingly, on this record the Court concludes Plaintiff's Claim Eleven is barred by the two-year statute of limitations pursuant to § 12.110(1).

### b. Colombu's Claims Twelve and Thirteen

In Claims Twelve and Thirteen Colombu brings claims of negligent misrepresentation and fraudulent concealment, respectively, arising from representations made in securing the personal loan.

A claim for negligent misrepresentation under Oregon law must be commenced within two years subject to the discovery rule. *Spirit Partners, LP v. Stoel Rives, LLP*, 212 Or. App. 295, 308, 157 P.3d 1194 (2007); *see also* ORS 12.110(1). A claim for concealment similarly sounds in fraud and the same statutory period applies. ORS 12.110(1). Because the facts underlying Claims Twelve and Thirteen are the same as those underlying Claim Eleven, and because the statute of limitations is the same for both claims, those claims are also barred by the statute of limitations.

Accordingly, on this record the Court concludes Colombu's Claims Twelve and Thirteen are barred by the two-year statute of limitations pursuant to ORS 12.110(1).

## II. Motion to Dismiss Due to Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Pawlik next moves to dismiss the Complaint in its entirety for lack of subject matter jurisdiction under Rule 12(b)(1). Pawlik argues that, without the fraud claims seeking punitive damages, the amount in controversy requirement of 28 U.S.C. 1332(a) is not met. Based on my findings above, Pawlik's motion is well taken.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on the plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005) (citing *Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347–48 (1977)). Additionally, the "mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004).

Here, Colombu initially sought the value of the loan, $34,000.00, "general damages" in the amount of $5,000.00, and punitive damages related to her fraud claims in the amount of $50,000.00. With the dismissal of Claims 11–13, none of the remaining claims seek punitive damages, nor does Colombu argue those claims warrant punitive damages, nor do I find that punitive damages are warranted for those claims.

As I am left to guess the value of Colombu's suit, which appears to amount to under $40,000, this matter must be dismissed pursuant to Rule 12(b)(1).

## **CONCLUSION**

Based on the foregoing, Defendant Pawlik's Motion to Dismiss, ECF No. 8, is GRANTED. This action is dismissed in its entirety.

IT IS SO ORDERED.

Dated this 25 day of February, 2016.

                                              Michael McShane
                                       United States District Judge